JOSEPH NAVIS, Appellant, v. CITY OF ROCHESTER, Respondent. — Motion for reargument denied. Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 277 App. Div. 667.]

(March 14, 1951.)

In the Matter of the Custody of KAREN BUSH and Others, Infants. FRED BUSH, Appellant; BESSIE WITTER, Respondent.— Order modified on the facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: While we agree in general with the disposition made of this proceeding by the Official Referee, we realize that the time may come when the father may be granted custody of the children. The decision under review gives the father the privilege of visitation and the right to have the two older children with him for two weeks each year. We think the father should have all three children with him at his home for the month of July each year so that he and the children may have the opportunity to become acquainted. The order should be amended accordingly. All concur. (Appeal from an order dismissing a petition and awarding custody of children to the maternal grandmother.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

HELEN M. DUNHAM, as Administratrix of the Estate of CHARLES L. DUNHAM, Deceased, Respondent, v. VILLAGE OF CANISTEO et al., Appellants.— Judgment and order reversed on the law and facts, without costs of this appeal to any party, and complaint dismissed, without costs. Memorandum: We think the plaintiff has failed to present evidence that the delay in providing medical attendance to the deceased was a competent producing cause of the pneumonitis which caused the death of the deceased. The physician who testified appeared to have a serious doubt in his mind as to whether the disease would not have occurred even though deceased had received prompt medical attention. The jury was therefore permitted to speculate as to the cause of the disease. The evidence being insufficient to support the finding of the jury as to the cause of death being due to the delay in procuring medical attention, the judgment should be reversed and the complaint dismissed (*Seifter* v. *Brooklyn Heights R. R. Co.,* 169 N. Y. 254). All concur. (Appeal from a judgment for plaintiff in an action for damages for death of plaintiff's intestate alleged to have resulted by reason of negligent care while under arrest. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.